## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROSHEBA THOMAS JOHNSON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **Case No. 20-329** |
| | ) | |
| **WILEY SANDERS TRUCK LINES,** | ) | |
| **INC. d/b/a PENNINGTON** | ) | **Removed from the Circuit court of** |
| **TRANSPORTATION SERVICE,** | ) | **Choctaw County, Alabama** |
| | ) | **15-CV-2020-900032** |
| **Defendants.** | ) | |

### NOTICE OF REMOVAL

COMES NOW, the Defendant Wiley Sanders Truck Lines, Inc., incorrectly identified in the Complaint as "Wiley Sanders Truck Lines, Inc. d/b/a Pennington Transportation Service", hereinafter referred to as Defendant, by and through counsel, and, pursuant to 28 U.S.C. §1441, and §1446, does hereby give notice that this cause is hereby removed from the Circuit Court of Choctaw County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division.  As grounds for removal, Defendant respectfully states unto the Court, as follows:

### I.  RELEVANT PROCEDURAL FACTS

1. An action was commenced against Defendant in the Circuit Court of Choctaw County, Alabama styled "Rosheba Thomas Johnson, et al. v. Wiley Sanders Truck Lines, Inc. d/b/a Pennington Transportation Service" Civil Action No. 15-2020-900032 wherein Plaintiff asserted a claim for benefits under Alabama Worker's Compensation Laws and a claim for wrongful death.  The documents attached

hereto as "Exhibit A" constitute all of the process, pleadings and orders served upon Defendant in this action.

2. Service of the initial pleading setting forth Plaintiff's claims for relief was effected upon Defendant on June 02, 2020.

3. This Notice of Removal is filed in the United States District Court for the Southern District of Alabama, Southern Division, within thirty (30) days after receipt by Defendant of the Complaint from which it was ascertainable that this matter was removable in accordance with 28 U.S.C. §1446 (b) and (c).

4. Specifically, Defendant files this removal within thirty (30) days of receiving Plaintiff's Complaint which demonstrates that the amount in controversy exceeds the sum of $75,000.00.

5. As stated, Plaintiffs asserts a claim for benefits under Alabama Worker's Compensation statutes.  (See Exhibit A - Plaintiffs' Complaint)

6. As addressed herein, Plaintiffs' claim for benefits under Alabama Worker's Compensation statutes is due to be severed and remanded consistent with and pursuant to the holdings in *Lamar v. Home Depot*, 907 F.Supp.2d 1311 (2012).

7. Based on the foregoing and consistent with cited authority, Plaintiffs' claims for benefits under and pursuant to Alabama Worker's Compensation laws are due to be severed and remanded to the Circuit Court of Choctaw County.

8. However, the pendency of the entire case to State Court and the remaining diversity-based claims may remain in Federal Court.

9. This action originally could have been filed in this Court pursuant to 28 U.S.C.

§1332 as there is complete diversity of citizenship between the parties as alleged and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

## II.  COMPLETE DIVERSITY OF CITIZENSHIP

10. Plaintiff Rosheba Thomas Johnson is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the state of Mississippi.  (*See Exhibit A - Complaint p. 2*)

11. Plaintiff K.S.C., a minor child represented by her mother and next friend Plaintiff Rosheba Thomas Johnson , is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the state of Mississippi.  (*See Exhibit A - Complaint p. 2*)

12.  Plaintiff J.V.C., a minor child represented by her mother and next friend Plaintiff Rosheba Thomas Johnson , is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the state of Mississippi.  (*See Exhibit A - Complaint p. 2*)

13. Defendant Wiley Sanders Truck Lines, Inc. is now, and was at the time of the commencement of this action, an Alabama Domestic Corporation, organized under the laws of the State of Alabama with its principal place of business being Troy, Pike County, Alabama.

14. Although not properly named, Pennington Transportation Services is wholly owned by Wiley Sanders Spotting, Inc. which is now, and was at the time of the commencement of this action, an Alabama Domestic Corporation, organized

15. under the laws of the State of Alabama with its principal place of business being Troy, Pike County, Alabama.

15. Wiley Sanders Spotting, Inc., does business as Pennington Transportation Services.

16. The presence of fictitious party defendants in this case has no bearing on diversity with respect to removal as 28 U.S.C. §1441 (c) states that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

### III.  AMOUNT IN CONTROVERSY

17. "In the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.,* F.3d 1184, 1208-09 (11th Cir. 2007) quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the"preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts).  A removing defendant may offer a wide range of evidence to establish the amount in controversy." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-56 (11th Cir. 2010), The time to ascertain whether the requisite jurisdictional amount exists is the time the Notice of Removal is filed. *Id at 751.*

18. Plaintiffs filed their Complaint on May 22, 2020 alleging Defendant's willful misconduct caused the death of LaRandy Chess and demanded an unspecified amount of compensatory damages:

"in a sum that fairly and adequately compensate for the severe injuries suffered by Plaintiff's decedent before his death, together with interest and the costs of this proceeding. Furthermore, the Plaintiff's request that punitive damages be awarded to the Plaintiffs in an amount that will adequately reflect the enormity of the Defendants' wrongful acts and will effectively prevent other similar wrongful acts." (*See Plaintiffs' Complaint - Count 2, Prayer for Relief*)

19. While Plaintiffs do not specify or plead the amount of damages the claim, it is facially apparent from Plaintiffs' Complaint that the amount in controversy exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs.

20. In *Roe v. Michelin N. American Inc.,* the Eleventh Circuit Court of Appeals stated:

"Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is factually apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense' in determining whether the face of the complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe v. Michelin N. American Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010).

21. Here, there is a willful act alleged to have been done by the Defendant that gives rise to the wrongful death action.

22. This Court held in *Nelson v. Whirlpool Corp.*, that in a wrongful death action where a wanton act is alleged, it is readily deduced that the amount in controversy is in excess of $75,000.00 "[g]iven that Alabama law views every human life as precious and requires juries to consider the finality of its premature destruction in assessing damages." *Nelson v. Whirlpool Corp.*, 668 F.Supp.2d 1368 (U.S. District Ct., S.D. Alabama, Southern Division 2009).

23. Accordingly, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

## IV. OTHER PREREQUISITES FOR REMOVAL HAVE BEEN STATED

24. Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice of Removal is filed with Clerk of the Circuit Court of Choctaw County, Alabama, and a written notice of this removal has been duly served on all adverse parties as required by law.

25. If any questions arise as to the propriety of the removal of this action, the removing Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this the 25th day of June, 2020.

*/s/Grady A. Reeves*
Grady A. Reeves (REE042)
Attorney for Defendant Wiley
Sanders Truck Lines, Inc.

OF COUNSEL:
**Cervera, Ralph, Reeves, Baker & Hastings LLC**
P.O. Box 325
Troy, Alabama 36081
(334) 566-0116
(334) 566-4073 fac
email: troylaw@troycable.net

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon any CM/ECF participants electronically and I have mailed by United States Postal Service a copy of the foregoing documents to any non-CM/ECF participants this 25th day of June, 2020:

Andrew J. Moak
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

／s／Grady A. Reeves
OF COUNSEL